IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CARLOS A. LEYVA,<br>   *Plaintiff*<br><br>v.<br><br>BASCAI, INC., CHI PING CHEN KAO,<br>and DOES 1-10,<br>   *Defendants* | §<br>§<br>§<br>§   CASE NO. 1:23-CV-01348-DII<br>§<br>§<br>§<br>§ |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:**   **THE HONORABLE DISTRICT COURT**

Before the Court are Plaintiff Carlos A. Leyva's Motion for Early Discovery on Defendant Bascai, filed November 13, 2023 (Dkt. 6); Defendant Chi Ping Chen Kao's Motion to Dismiss Pursuant to FRCP 12(b)(6) and 9(b), filed December 12, 2023 (Dkt. 11); Defendant Bascai, Inc.'s Motion to Dismiss Due to Lack of Personal Jurisdiction and Insufficient Service, filed December 22, 2023 (Dkt. 15); and the associated response and reply briefs. By Text Orders entered December 13 and December 23, 2023, the District Court referred the motion for early discovery to this Magistrate Judge for resolution and referred the motions to dismiss for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

### I.   Background

Plaintiff Carlos A. Leyva sued Defendant Bascai, Inc. and ten "John Doe" Defendants on November 6, 2023, alleging common law fraudulent misrepresentation, unfair trade practices under the Texas Deceptive Trade Practices Act ("DTPA"), and claims under the Racketeer

1

Influenced and Corrupt Organizations Act ("RICO").[1] Complaint, Dkt. 1. Leyva filed an Amended Complaint on November 16, 2023, adding Defendant Chi Ping Chen Kao.[2] Dkt. 7.

Leyva, who is proceeding *pro se*, is a Texas resident licensed to practice law in the state of Florida. Dkt. 7 ¶ 2. He alleges that in August 2023, he was contacted by an individual who identified herself as "Amy Li," claiming to have sent him a text by accident. *Id.* ¶¶ 8-9. Li claimed she worked for Arte Oro, a jewelry company based in Singapore. *Id.* Leyva alleges that Li suggested he open an account on a purported securities-trading website and start trading in gold futures. *Id.* ¶ 12. Leyva alleges that the website claimed to be affiliated with Intercontinental Exchange, Inc., a corporation with multiple legitimate exchanges, but was fraudulent. *Id.* He filed a separate lawsuit against Intercontinental Exchange, which was dismissed after the website was taken down. *Id.* Leyva alleges that the website was a sophisticated scam operation that could accept transfers of money, display trades and balances, and provide customer support. *Id.* ¶ 13. He alleges that he made several transfers to his supposed trading account, encouraged by Li. *Id.* ¶¶ 13, 18. Leyva alleges that the account eventually showed a balance of $1.6 million, but when he tried to make a withdrawal, the website operator refused unless Leyva deposited more money. *Id.* ¶ 15. Leyva alleges that the operator claimed his account violated the website's "User Agreement," which he was never asked to review or sign. *Id.* ¶¶ 16, 19.

Leyva and Li stopped communicating, but Leyva alleges that he found the Facebook profile of an "Amy Li" indicating that she works for Bascai and sent a friend request. *Id.* ¶ 11. The owner of the profile accepted the request and "tried to induce Leyva into participating in a cryptocurrency

---

[1] Leyva also alleged unfair trade practices under Section 5 of the Federal Trade Commission Act but abandoned the claim because Section 5 allows no private cause of action. Dkt. 14 at 9 n.3; 15 U.S.C. § 45(m).

[2] The Amended Complaint names Kao as "Kao Chi Ping Chen." Dkt. 7 ¶ 3.

scam." *Id.* Leyva alleges that the profile owner is the same person who suggested he join the trading website. *Id.* He also alleges that Bascai is a California corporation and a "front for a criminal cryptocurrency scam" organized by "the Enterprise," which he alleges is the organization behind the fraudulent trading website. *Id.* ¶¶ 3-4. He alleges that Kao is Bascai's landlord and "a principal in the Enterprise." *Id.* ¶ 3.

## II.   Bascai's Motion to Dismiss

Bascai moves to dismiss Leyva's claims for lack of personal jurisdiction and insufficient service under Rules 12(b)(2) and 12(b)(5). A court must resolve threshold jurisdictional issues, including personal jurisdiction, before determining the merits of a case. *Pervasive Software, Inc. v. Lexware GmbH & Co. Kg*, 688 F.3d 214, 231-32 (5th Cir. 2012).

### A.  Legal Standards

Under Rule 12(b)(2), a court must dismiss a claim if it lacks personal jurisdiction over the defendant. The plaintiff has the burden to establish personal jurisdiction. *Patterson v. Aker Sols. Inc.*, 826 F.3d 231, 233 (5th Cir. 2016). If the court rules on personal jurisdiction without an evidentiary hearing, the plaintiff must present evidence for a *prima facie* showing of jurisdiction. *Id.*; *Danzinger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*, 24 F.4th 491, 495 (5th Cir. 2022).

On a motion to dismiss for lack of personal jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true. *Danzinger & De Llano*, 24 F.4th at 495. When the alleged facts are disputed, all conflicts between facts in the parties' affidavits should be resolved in the plaintiff's favor. *Bulkley & Assocs., L.L.C. v. Dep't of Indus. Rels., Div. of Occupational Safety & Health of the State of Cal.*, 1 F.4th 346, 350 (5th Cir. 2021). The *prima facie* standard does not require a court to "credit conclusory allegations, even if uncontroverted." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

A federal court may assert personal jurisdiction if (1) the state's long-arm statute applies, and (2) due process is satisfied under the Fourteenth Amendment to the United States Constitution. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). In Texas, the long-arm statute authorizes exercise of jurisdiction over a nonresident to the full extent compatible with federal due process mandates. *Id.* Personal jurisdiction is proper if two requirements are met:

> First, the nonresident defendant must have purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with that forum state. Second, the exercise of jurisdiction over the nonresident defendant must not offend traditional notions of fair play and substantial justice.

*Felch v. Transportes Lar-Mex SA de CV*, 92 F.3d 320, 323 (5th Cir. 1996) (cleaned up). To establish "minimum contacts," the defendant must have contacts giving rise to either specific or general jurisdiction. *Id.* at 324. In determining "fairness," courts consider:

> (1) the burden upon the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) "the interstate judicial system's interest in obtaining the most efficient resolution to controversies"; and (5) "the shared interest of the several States in furthering fundamental substantive social policies."

*Bullion v. Gillespie*, 895 F.2d 213, 216 n.5 (5th Cir. 1990) (quoting *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 113 (1987)).

Specific jurisdiction exists when (1) a nonresident defendant has purposefully directed its activities at the forum state, and (2) the litigation results from alleged injuries that arise out of or relate to those activities. *Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*, 943 F.3d 239, 250 (5th Cir. 2019). "A forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum." *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 490 (5th Cir. 2018) (quoting *Walden v. Fiore*, 571 U.S. 277, 286 (2014)).

## B. The Court Lacks Personal Jurisdiction over Bascai

Bascai contends the Court lacks personal jurisdiction because it is a small business in California that maintains no contacts with Texas. Dkt. 15 at 1. Leyva alleges that the Court has specific personal jurisdiction because Bascai and the Enterprise "have availed itself of this forum intentionally, with malice and forethought, targeting Leyva to inflict financial harm here." Dkt. 7 ¶ 6. He also alleges that the criminal acts of "the Enterprise" were committed in this forum. *Id.*

Leyva's only specific factual allegations supporting jurisdiction over Bascai are that "Amy Li" contacted him in Texas via text message, encouraging him to invest in a fraudulent trading website, and that the Facebook profile for an "Amy Li" listed her as a Bascai employee. *Id.* ¶¶ 9, 11-12. Bascai submits a declaration from Jinyan Lu, who avers that he is the company's sole owner and that "Bascai has never had a stockholder, officer, employee, or other agent named Amy Li." Dkt. 15-1 ¶¶ 2, 5. He also avers that Bascai "is not in the business of, and has not made, any solicitations or communications regarding cryptocurrency or financial investments." *Id.* ¶ 7.

Leyva offers no evidence supporting his allegation that Bascai is responsible for Li's actions or the fraudulent trading website. He submits no evidence that Bascai, Lu, or any other Bascai officer purposefully directed their activities at or otherwise made intentional contacts with Texas. He makes only the conclusory allegation that Bascai was a front for "the Enterprise," which Bascai disputes and the Court need not accept. *Panda Brandywine Corp.*, 253 F.3d at 869; Dkt. 7 ¶¶ 3-4. Without evidence to show that Bascai participated in or directed Li's communications with Leyva in Texas or the actions of the website operator, Leyva has not satisfied his burden to make a *prima facie* showing that Bascai has the necessary minimum contacts with Texas. Because Leyva does not show that the Court has personal jurisdiction over Bascai, this Magistrate Judge recommends that the District Court grant Bascai's motion to dismiss.

### III. Kao's Motion to Dismiss

Kao contends that Leyva has failed to state a claim under Rule 12(b)(6) or allege that circumstances supporting his fraud claim with particularity, as required by Rule 9(b).

### A. Legal Standard

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up).

Rule 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Plaintiffs must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Elson v. Black*, 56 F.4th 1002, 1009 (5th Cir. 2023) (citation omitted). In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the information considered is generally limited to (1) the facts set forth in the complaint,

(2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

**B. Levya Fails to State a Claim on Which Relief may be Granted**

In his Amended Complaint, Leyva makes two specific allegations against Kao: first, that she owns the building used by Bascai; second, that Kao "is a principal in the Enterprise" which committed the alleged scam. Dkt. 7 ¶¶ 3-4. Leyva makes no other allegations against Kao personally and does not describe her role in "the Enterprise."

    1.  **Fraudulent Misrepresentation**

To state a claim for fraudulent misrepresentation under Texas law, a plaintiff must allege, *inter alia*, that the defendant made a false and material representation to the plaintiff with the intent that the plaintiff rely on that representation. *Lane v. Halliburton*, 529 F.3d 548, 564 (5th Cir. 2008).

Leyva alleges that "the Enterprise" knowingly made false statements. Dkt. 7 ¶ 22. He does not allege that Kao made any statements to him, but relies solely on his allegation that she is a principal in "the Enterprise." This allegation is insufficient to draw the reasonable inference that Kao is liable for the false statements because Leyva has not alleged that she directly made a false statement or intended for Leyva to rely on her statements. *Iqbal*, 556 U.S. at 678. He alleges his conclusion that Kao was a member of "the Enterprise," but no facts to support that conclusion.

In his response, Leyva argues it is implausible that Kao did not know Bascai was a front for a criminal enterprise because Bascai had two related corporate entities and she was collecting rent payments from it. Dkt. 14 at 6-7. These arguments do not show how Kao or Bascai participated in the alleged criminal enterprise or that Kao made a misrepresentation to Leyva. This Magistrate Judge finds that Leyva has not stated a claim against Kao for fraudulent misrepresentation.

2. **DTPA**

A claim for deceptive or unconscionable trade practices under the DTPA must allege that (1) the plaintiff is a consumer; (2) the defendant engaged in false, misleading, deceptive, or unconscionable acts; and (3) those acts were a producing cause of the consumer's damages. *Hugh Symons Grp. v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002); TEX. BUS. & COM. CODE § 17.50. Leyva alleges that the "Enterprise committed one or more unconscionable acts, including levying fines" on the fraudulent website, and failed to disclose required payments on the website. Dkt. 7 ¶¶ 28-29.

Leyva's DTPA claim fails for the same reasons as his fraudulent misrepresentation claim. Leyva does not allege that Kao personally engaged in false, misleading, deceptive, or unconscionable acts, but only that she is involved with the fraudulent activity as Bascai's landlord. *Id.* ¶¶ 3-4. As stated, the only connection he alleges between Bascai and the fraudulent website is the "Amy Li" Facebook profile. *Id.* ¶ 11. Leyva alleges no facts for the Court to find it plausible that Kao participated in levying fines or failing to disclose payments on the website or that her actions caused his damages. This Magistrate Judge finds that Leyva has not stated a claim against Kao under the DTPA.

3. **RICO**

To state a civil RICO claim under 18 U.S.C. § 1962, a plaintiff must allege (1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise. *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007). To establish a pattern of racketeering activity, a plaintiff must allege "two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity." *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009). Section 1961 defines an enterprise as

"any individual, partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not a legal entity." *Allstate Ins. Co. v. Plambeck*, 802 F.3d 665, 673 (5th Cir. 2015) (quoting 18 U.S.C. § 1961(4)). The RICO statute lists many predicate acts that may constitute racketeering activity. 18 U.S.C. § 1961(1).

Leyva alleges that the "Enterprise committed over thirty (30) RICO predicated acts." Dkt. 7 ¶ 37. But his only allegations related to the existence, identity, and structure of "the Enterprise" are that the trading website was too sophisticated to be run by a single individual and that Kao and Bascai are involved with the trading website because the "Amy Li" Facebook profile listed a connection to Bascai. *Id.* ¶¶ 11, 14. Leyva's allegations are purely speculative and do not establish the existence of a RICO enterprise. He also fails to allege that Kao engaged in a pattern of racketeering because he alleges nothing more than her status as Bascai's landlord. Leyva does not state a RICO claim against Kao.

### IV.   Motion for Early Discovery

Leyva asks the Court to permit him to subpoena Bascai and obtain the names and copies of photo identification of Bascai's "officers, shareholders, and management team." Dkt. 6 at 4. He argues that he needs discovery to identify the Doe Defendants and members of the Enterprise. *Id.*

**A. Legal Standard**

Rule 26(d)(1) requires a court order for any discovery before the Rule 26(f) conference. This Court generally applies the "good cause standard" to determine whether a party is entitled to early discovery. *Accruent, LLC v. Short*, No. 1:17-CV-858-RP, 2017 WL 8811606, at *1 (W.D. Tex. Nov. 8, 2017). The party seeking discovery bears the burden to show good cause, and the subject of the request should be "narrowly tailored in scope." *Stockade Cos., LLC v. Kelly Rest. Grp.*, No. 1:17-CV-143-RP, 2017 WL 2635285, at *2 (W.D. Tex. June 19, 2017). Courts in the

9

Fifth Circuit often weigh several factors in the good cause analysis, including (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how long before the typical discovery process the request was made. *Accruent LLC*, 2017 WL 8811606, at *1. The court has "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Ensor v. Does 1-15*, No. A-19-CV-00625-LY, 2019 WL 4648486, at *2 (W.D. Tex. Sept. 23, 2019) (citation omitted).

### B. Leyva Has Not Shown Good Cause for Early Discovery

Leyva seeks early discovery because he believes "some or all of" Bascai's officers may be added as defendants, but provides no evidence or allegations beyond mere speculation. *Id.* at 3. He speculates that the Doe Defendants are linked to Bascai based on the "Amy Li" Facebook profile, but makes no specific allegations that Bascai's officers made fraudulent misrepresentations or engaged in deceptive acts under the DTPA or a pattern of racketeering. Dkt. 6 at 3-4. The Court finds that Leyva's purpose in seeking early discovery does not outweigh the burden on Bascai to produce identifying documentation for multiple individuals. Leyva's motion also was well before the typical discovery process; he filed it just two days after he claims to have served Bascai, which Bascai argues was ineffective. Dkts. 5-6; Dkt. 15 at 6. Weighing these factors, the Court finds that Leyva has not shown good cause for early discovery.

### V.   Order

The Court **DENIES** Plaintiff Carlos A. Leyva's Motion for Early Discovery on Defendant Bascai (Dkt. 6).

## VI. Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court (1) **GRANT** Defendant Chi Ping Chen Kao's Motion to Dismiss Pursuant to FRCP 12(b)(6) and 9(b) (Dkt. 11) and **DISMISS** Plaintiff's claims against her for failure to state a claim, and (2) **GRANT** Defendant Bascai, Inc.'s Motion to Dismiss Due to Lack of Personal Jurisdiction and Insufficient Service (Dkt. 15) and **DISMISS** Plaintiff's claims against it for lack of personal jurisdiction, both without prejudice to refiling.

**IT IS FURTHER ORDERED** that the Clerk **REMOVE** this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable District Court.

## VII. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on February 6, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE