IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CARLOS A. LEVYA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:23-CV-1348-DII |
| BASCAI, INC., DOES 1-10, KAO CHI PING CHEN, | § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is the report and recommendation from United States Magistrate Judge Susan Hightower concerning Defendants' Motions to Dismiss, (Dkts. 11, 15). (R. & R., Dkt. 22). Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Judge Hightower issued her report and recommendation on February 6, 2024. (*Id.*). As of the date of this order, no party has filed objections to the report and recommendation.

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de novo review by the district court. When no objections are timely filed, a district court can review the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because no party has filed timely objections, the Court reviews the report and recommendation for clear error. Having done so and finding no clear error, the Court accepts and adopts the report and recommendation as its own order.

1

Accordingly, the Court **ORDERS** that the Report and Recommendation of the United States Magistrate Judge, (Dkt. 22), is **ADOPTED**. Defendants' motions to dismiss, (Dkt. 11, 15), are **GRANTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.[1]

**SIGNED** on February 22, 2024.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[1] The unnamed "Doe" defendants have not made an appearance, and Plaintiff does not know their identity. Plaintiff has not served these defendants within 90 days of filing his complaint. *See* Fed. R. Civ. P. 4(m). While a court may normally abate the service requirement for unknown defendants, here, Plaintiff has no means of obtaining their identity in this action. Accordingly, the Court will dismiss the "Doe" defendants for lack of service without prejudice.